UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                 CASE NO.   8:09-cr-125-T-23MAP
                                                                                   8:14-cv-76-T-23MAP

OCTAVIANO PINEDA-SANCHEZ
                                                       /

**O R D E R**

Pineda-Sanchez moves to vacate his sentence under 28 U.S.C. § 2255. (Doc. 1)  He challenges the validity of his conviction for (1) two counts of possession with the intent to distribute five grams or more of methamphetamine, (2) one count of conspiracy to possess with the intent to distribute fifty grams or more of methamphetamine,  and (3) one count of possession with the intent to distribute fifty grams or more of methamphetamine.   Pineda-Sanchez serves 210 months imprisonment.  In his motion to vacate Pineda-Sanchez contests the validity of his sentence, which is based in part on both his leadership in the conspiracy and the quantity of drugs attributed to the conspiracy.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558

(5th Cir. 1980)[1] (holding that the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Pineda-Sanchez's motion to vacate is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). An earlier motion to vacate, assigned case number 8:12-cv-128-T-23MAP, was dismissed as time-barred. In 2012 both the district court and the circuit court declined to issue a

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

certificate of appealability and in 2013 the Supreme Court denied Pineda-Sanchez's petition for a writ of *certiorari*. Recognizing that the present motion to vacate is untimely under Section 2255(f)(1), Pineda-Sanchez asserts entitlement to a new limitation under Section 2255(f)(4), which allows a one-year limitation from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Pineda-Sanchez is not entitled to a new limitation under Section 2255(f)(4)'s "newly discovered evidence" provision.

In 2009, based on an Offense Level 37 and a Criminal History Category I, Pineda-Sanchez received a sentence at the low end of a 210 – 262 month guideline range. On appeal Pineda-Sanchez argued "that a sentence below the guidelines range was appropriate because his enhancement for being a leader in the conspiracy overstated his role in the offense and deprived him of eligibility for safety valve relief and because his co-conspirators received lower sentences for the same conduct." (Doc. 58 at 4 in 8:09-cr-125-T-23MAP) The circuit court both accepted and affirmed the district court's rationale for the 210-month sentence (Doc. 58 at 5):

> The district court imposed the sentence based on the seriousness of Pineda-Sanchez's offense and the need for deterrence. As the district court explained, Pineda-Sanchez, at a young age, was the willing and able leader of a drug organization dealing in large quantities of high quality methamphetamine. He recruited his co-conspirators into the organization, and he negotiated the price and quantity of the drugs on multiple occasions. The quantities grew increasingly larger. On these facts, we cannot say that the district court abused its discretion in concluding that a sentence at the low end of the guidelines range adequately punished Pineda-

> Sanchez for his conduct and accounted for his role in the offense.

Pineda-Sanchez alleges in his motion to vacate that his sentence was erroneously calculated based on the drug quantity. Pineda-Sanchez supports his motion with an affidavit recently obtained from a co-defendant, who attests that Pineda-Sanchez had no knowledge about the drugs that the co-defendant buried and which were used to calculate Pineda-Sanchez's sentence. Interpreting an analogous provision that controls Section 2254 petitions, *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008), explains the qualifications for "newly discovered evidence."

> The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered. *See* § 2244(d)(1)(D); *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004). Although we have not defined due diligence with respect to a § 2244(d)(1)(D) claim, we have addressed it in the analogous context of a second federal habeas petition which is based on newly discovered facts. *See In re Boshears,* 110 F.3d 1538, 1540 (11th Cir. 1997) (per curiam). In the latter context, a petitioner must show that " 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.'" *Id.* (quoting 28 U.S.C. § 2244(b)(2)(B)(I)). Due diligence means the petitioner "must show some good reason why he or she was unable to discover the facts" at an earlier date. *Id.* Merely alleging that an applicant "did not actually know the facts underlying his or her claim does not pass the test." *Id.* Instead, the inquiry focuses on "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are 'newly discovered.' " *Id.* (citation omitted).

In the context of a Section 2255, *Trucchio v. United States*, ___ Fed. App'x ___,[2] 2014 WL 211887 at *1 (11th Cir. Jan. 21, 2014), explains "that the 'due diligence' element

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

of § 2255(f)(4) requires neither the 'maximum feasible diligence' nor the undertaking of repeated exercises in futility, but it does require that a prisoner make 'reasonable efforts' in discovering the factual predicate of his claim." (*quoting Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Pineda-Sanchez fails to explain why he could not have obtained the "newly discovered evidence" – the affidavit – either before his sentencing or before his earlier untimely motion to vacate. Even if he could show due diligence, the affidavit fails to meet the requirements for "newly discovered evidence." *Rozzell v. Sec'y, Dep't of Corr.*, 672 F.3d 1000, 1010 (11th Cir.), *cert. denied*, ___ U.S. ___, 133 S. Ct. 351 (2012), explains that the new evidence must place a serious doubt on the validity of the conviction.

> Because the standards for actual innocence in cases of procedural default and untimely federal habeas petitions derive from the Supreme Court's decision in *Schlup [v. Delo*, 513 U.S. 298 (1995)], we have at times conflated these two case types. *See Arthur [v. Allen*], 452 F.3d [1234,] 1245 [(11th Cir. 2006)] (applying the concept of the actual innocence exception to "procedural bar" to the *Arthur* case involving an AEDPA-time-barred § 2254 petition). Therefore, like the actual innocence exception for procedural default, the alleged exception for AEDPA untimeliness would require the petitioner (1) to present "new reliable evidence . . . that was not presented at trial," *Arthur*, 452 F.3d at 1245 (quoting *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865), and (2) to show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *Johnson [v. Fla. Dep't of Corr.*, 513 F.3d [1328,] 1334 [(11th Cir. 2008)] (*quoting Schlup*, 513 U.S. at 327, 115 S. Ct. at 867); *see also House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 2077, 165 L. Ed. 2d 1 (2006).

Even if accepted as true,[3] the new evidence must show that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Pineda-Sanchez fails to qualify for a new limitation under Section 2255(f)(4) because the proposed "newly discovered evidence" challenges the sentence calculus under the guidelines and not the validity of the conviction. "Neither the Supreme Court nor this Court has yet ruled on whether *Sawyer's*[4] actual innocence of sentence exception extends to the noncapital sentencing context." *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011), *cert. denied*, __ U.S. ___, 133 S. Ct. 112 (2012).

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk must enter a judgment against Pineda-Sanchez and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Pineda-Sanchez is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To

---

[3] "In evaluating this new evidence, a habeas court 'may consider how the timing of the evidentiary submission and the likely credibility of the affiants bear on the probable reliability of that evidence.'" *Melson v. Allen*, 548 F.3d 993, 1002 (11th Cir. 2008), *cert. denied*, ___ U.S. ___, 133 S. Ct. 351 (2012) (*quoting House v. Bell*, 547 U.S. 518, 537 (2006)).

[4] *Sawyer v. Whitley,* 505 U.S. 333, 336 (1992).

merit a certificate of appealability, Pineda-Sanchez must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the petition is clearly time-barred, Pineda-Sanchez cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, Pineda-Sanchez is not entitled to appeal *in forma pauperis* because he is not entitled to a certificate of appealability.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Pineda-Sanchez must obtain permission from the circuit court to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on February 10, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE